IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:13-cr-00074 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| MATTHEW JAMES WHITING ) | United States District Judge |

## MEMORANDUM OPINION AND ORDER

Defendant Matthew James Whiting, proceeding pro se, filed a motion for compassionate release. (Dkt. No. 41.) The Federal Public Defender was appointed to represent Whiting and filed a supplemental motion on July 6, 2021. (Dkt. No. 55.) The government opposed the motion (Dkt. No. 61), and Whiting filed a pro se reply, (Dkt. No. 73).

The court finds that a hearing is not necessary to resolve Whiting's motion, which will be denied for the reasons stated below.

### I.  BACKGROUND

On May 8, 2008, Whiting was charged with possession of child pornography in the Eastern District of Virginia. The Richmond Police Department obtained and executed a search warrant on Whiting's cell phone. A forensic examination of the cell phone and a SanDisk SD memory card discovered approximately 98 still image files of child pornography on the SD card, several of which involved prepubescent minors.

Whiting pleaded guilty on February 20, 2009. According to the Presentence Investigation Report (PSR), Whiting's criminal history included convictions for reckless driving (2004) and marijuana possession (2004). Whiting was sentenced to 57 months, followed by 5 years supervised release.

On September 26, 2013, jurisdiction in Whiting's case was transferred to the Western District of Virginia for supervision of release. (Dkt. No. 1.) On July 21, 2016, Whiting's supervision was revoked for violation of a mandatory condition, based on a state charge of object sexual penetration and conviction for assault and battery. He was sentenced to 12 months and one day and continued supervised release for 42 months. (Dkt. No. 16.)

On December 18, 2018, Whiting's supervision was revoked for a second time. Whiting was sentenced to 18 months to run consecutively to a five-year Alleghany County sentence for breaking and entering and unlawful wounding. (Dkt. No. 36.) On January 17, 2019, Whiting was found guilty *in abstentia* for possessing marijuana in Buena Vista General District Court. At the time he was charged with possession of marijuana, he was in a vehicle with a convicted felon. Also on January 17, 2019, Whiting was found guilty of obstruction/resist without force and sentenced to 20 days in jail in Allegheny County.

In addition to the above, Whiting has failed to notify probation of a change in his place of employment, failed to attend group sex offender counseling, resulting in his termination from the program, and was in the presence of a minor without the permission of probation.

Whiting states in his pro se motion that he suffers from asthma, shortness of breath, wheezing, and constant chest pain, which has been exacerbated by being infected twice with COVID-19. Whiting's medical records confirm that he suffers from hemophilia (Factor X deficiency), asthma, and wheezing. (Ex. 1 at 5, 6, 9, 32, 38, 39, 53, Dkt. No. 61-1.) Whiting's records also confirm that he tested positive for COVID-19 on January 28, 2021 (Ex. 3 at 3–4, Dkt. No. 61-3); tested negative for COVID-19 on June 3, 2021 (Ex. 1 at 59); and refused the COVID-19 Pfizer vaccine on June 11, 2021 (Ex. 1 at 60; Ex. 2 at 2–3).

Whiting is currently being housed at Residential Reentry Baltimore, and he is scheduled to be released on July 15, 2022.[1]

## II. ANALYSIS

### A. Compassionate Release

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

Thus, after considering any applicable § 3553(a) factors, if the court finds extraordinary and compelling reasons warrant a reduction and if it finds a reduction consistent with any applicable Sentencing Commission policy statements, it may reduce a term of imprisonment. However, "the Commission has yet to issue a policy statement that applies to motions filed by defendants [rather than motions filed by BOP] under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). *See also United States v. Hargrove*, 30 F.4th 189 (4th Cir. 2022).

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited May 13, 2022).

The court, may, nonetheless, look to U.S.S.G. § 1B1.13 for guidance. *McCoy*, 981 F.3d at 282 n.7.

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson,* No. 515CR00018KDBDSC1, 2020 WL 5300874, at *2 (W.D.N.C. Sept. 4, 2020). *See also Hargrove,* 30 F. 4th at 195 (noting the information provided by the inmate "to carry his burden of demonstrating that his medical conditions served as an extraordinary and compelling reason for release."); *United States v. Brewington*, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019). *See also United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123 (E.D. Va. Aug. 18, 2020) (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005) (defendant bears burden as party seeking relief absent statutory guidance to the contrary)). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t).

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. The government contests exhaustion, but it appears that Whiting satisfied this requirement by seeking an administrative reduction in his sentence at his BOP facility. (Dkt. No. 73-1.)

**C. Extraordinary and Compelling Reasons**

Because an inmate is not eligible for compassionate release in the absence of extraordinary and compelling reasons, *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021), the court looks to whether Whiting has provided such reasons. The fact that COVID-19 exists

and that there is a possibility that someone may contract it in a prison is insufficient, in and of itself, to grant a motion for compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, in the context of COVID-19,

> the threshold questions are whether [the inmate] has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

*United States v. Youngblood*, 858 F. App'x 96, 98 (4th Cir. 2021). *See also United States v. Harper*, No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020).

The government concedes that Whiting has a medical condition (asthma) that is listed by the Centers for Disease Control as creating a higher risk if Whiting were to contract COVID-19. However, Whiting has refused the COVID-19 vaccine, and he claims no medical or other reason for doing so. Many courts have held that an inmate's decision not to accept the COVID-19 vaccine, while not controlling, weighs against granting a motion for compassionate release that is based on COVID-19 concerns. *See, e.g.*, *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (risk is self-incurred where there is elevated risk because vaccine declined); *United States v. Kennedy*, No. 21-2675, 2022 WL 43187, at *2 (6th Cir. Jan. 5, 2022) (unpublished) ("defendants may not perpetuate their own extraordinary and compelling circumstances for compassionate release by declining the [vaccine]"); *United States v. Ortiz*, 2021 WL 1422816, at *5 n.6 (E.D. Pa. Apr. 15, 2021) ("Overlooking a medically at-risk petitioner's refusal of an available vaccine and granting him compassionate release would likely incentivize other medically at-risk prisoners to decline an offer of a vaccine, putting themselves and others at risk."); *United States v. Greenlaw*, 2021 WL 1277958, at *7 (D. Me. Apr. 6, 2021) ("The risk-

5

benefit analysis in favor of inoculation is so overwhelming that the Court holds [defendant]'s refusal to be vaccinated against his motion for compassionate release."); *United States v. Baeza-Vargas*, 2021 WL1250349, at *3 (D. Ariz. Apr. 5, 2021) (collecting cases and noting "Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances."); *United States v. Jackson*, 2021 WL 806366, at *1–2 (D. Minn. Mar. 3, 2021) ("While [defendant] is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk.").

Given the above reasons and the lack of any proof that Whiting has a particularized risk of contracting COVID-19 at his residential reentry program, Whiting cannot prevail on his motion.

**D. Section 3553(a) Factors**

Even if Whiting could show an extraordinary and compelling reason for compassionate release, the sentencing factors, which the court now considers, do not warrant a sentence reduction. The relevant sentencing factors, found in 18 U.S.C. § 3553(a), include the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense. to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to avoid unwarranted sentence disparities. The court considers these factors holistically, and no one factor is dispositive, *United States v. Kibble*, No. 20-7009, 2021 WL 1216543, at *4 (4th Cir. April 1, 2021), but the court should not release an inmate who poses a danger to another person or the community, U.S.S.G. § 1B1.13.

As discussed above, Whiting's various crimes are serious, particularly his conviction for child pornography. Subsequently, he has consistently shown disrespect for the law by violating the terms of his supervised release and committing several crimes. Whiting must serve the remainder of his sentence to reflect the seriousness of his offenses, afford adequate deterrence, and protect the public from further crimes.

## III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Whiting's motion for compassionate release (Dkt. Nos. 41, 55) is DENIED. The clerk is directed to provide a copy of this order to Whiting, all counsel of record, and the United States Probation Office.

Entered: May 16, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge